

cause the conviction documents confirm the defendant's admission to the immigration judge that the conviction was a drug trafficking aggravated felony. *Id.*

Because the defendant cannot prove prejudice, in any event, we do not reach his argument that his administrative appeal waiver was not considered and intelligent.

**AFFIRMED.**

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Cirilo FLORES–PEREZ, Defendant–
Appellant.**

**No. 13–50537.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 5, 2015.

Filed April 10, 2015.

Andrew Richard Haden, Assistant U.S., Bruce R. Castetter, Assistant U.S., David Daniel Leshner, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Jeremy D. Warren, Warren & Burstein, Devin Burstein, Devin Burstein, Esq., San Diego, CA, for Defendant–Appellant.

---

\* The Honorable Barrington D. Parker, Jr., Senior Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

Before: PREGERSON, PARKER \*, and NGUYEN, Circuit Judges.

MEMORANDUM \*\*

Cirilo Flores–Perez appeals his conviction for attempting to transport or move an alien within the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Reviewing for abuse of discretion, *United States v. Hardrick,* 766 F.3d 1051, 1055 (9th Cir.2014), the district court did not err in admitting evidence of Flores–Perez's prior smuggling acts pursuant to Federal Rule of Evidence 404(b). The evidence was probative of Flores–Perez's knowledge, intent, and plan. *See United States v. Flores–Blanco,* 623 F.3d 912, 919–20 & n. 4 (9th Cir.2010). We recognize that Flores–Perez did not directly contest his involvement in the charged offense, and instead argued that his conduct did not amount to a "substantial step." Nonetheless, knowledge, intent, and plan were still material issues in the case because they bore on defendant's guilt of the charged offense, which the government had to prove beyond a reasonable doubt. *See id.* at n. 4; *United States v. Plancarte–Alvarez,* 366 F.3d 1058, 1062–63 (9th Cir.2004); *United States v. Ramirez–Jiminez,* 967 F.2d 1321, 1325–27 (9th Cir.1992).

Additionally, the prior smuggling acts were sufficiently similar to the charged offense, *see Flores–Blanco,* 623 F.3d at

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.